Filed 2/22/24  P. v. Rice CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TERRELL ALEXANDER RICE,<br><br>Defendant and Appellant. | C097837<br><br>(Super. Ct. Nos. CRF210001448, CRF210000737) |

Appointed counsel for defendant Terrell Alexander Rice asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In case No. CRF210000737, the People charged defendant with one count of receiving stolen property.  (Pen. Code, § 496d, subd. (a).)[1]  In case No. CRF210001448, the People charged defendant with two counts of identity theft. (§ 530.5, subd. (a).)

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant entered into a plea agreement. He pleaded no contest to receiving stolen property in case No. CRF210000737 and to one count of identity theft in case No. CRF210001448. The agreement provided that he would receive concurrent two-year sentences for each count, dismissal of the remaining count in case No. CRF210001448, and dismissal of another pending felony case and three misdemeanor cases. The parties stipulated to a factual basis for the plea: in case No. CRF210000737, defendant received a vehicle knowing that it was stolen, and in case No. CRF210001448, he fraudulently obtained the victim's credit card and used it at Home Depot.

Consistent with the plea agreement, the trial court sentenced defendant to the middle term of two years for receiving stolen property, plus a concurrent middle term of two years for identity theft. In each case, the trial court imposed a $300 restitution fine (§ 1202.4), a $300 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). It ordered victim restitution and dismissed the balance of charges and the unrelated cases.

Representing himself, defendant requested resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.), seeking a reduction of his sentence to 16 months. The trial court denied the request, observing that Senate Bill No. 483 pertained to sentence enhancements that were not part of defendant's sentence.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

# DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
KRAUSE, J.